IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA18-1056

Filed: 20 August 2019

Forsyth County, 17 CVS 4853

NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, INC., Plaintiff,

v.

WILLIAM THOMAS DANA, JR., INDIVIDUALLY and as ADMINISTRATOR OF THE ESTATE OF PAMELA MARGUERITE DANA, Defendants.

Appeal by Plaintiff from Order entered 2 August 2018 by Judge Eric C. Morgan in Forsyth County Superior Court. Heard in the Court of Appeals 24 April 2019.

*William F. Lipscomb for plaintiff-appellant.*

*Maynard & Harris Attorneys at Law, PLLC, by C. Douglas Maynard, Jr. and Sarah I. Young, for defendants-appellees.*

MURPHY, Judge.

When a court is tasked with determining what amount, if any, of underinsured motorist ("UIM") coverage is available, it must determine whether UIM coverage is available at all, and, if so, how much the insured party or parties are entitled to receive in light of: (1) the number of claimants seeking coverage under the UIM policy and (2) whether the negligent driver's liability policy was exhausted pursuant to a per-person or per-accident cap. Here, the parties stipulated that UIM coverage is available to the Defendants. Additionally, there are two claimants seeking coverage under the UIM policy, and the negligent driver's liability was exhausted pursuant to

a per-accident cap. Accordingly, we must hold that Plaintiff, North Carolina Farm Bureau Mutual Insurance Company, Inc., is obligated to pay the Defendants pursuant to the per-accident cap in the parties' insurance agreement. The trial court's grant of summary judgment in favor of the Defendants is affirmed.

## BACKGROUND

This is a declaratory judgment action regarding the extent of Plaintiff's liability to Defendants stemming from an automobile accident in which Defendant William Thomas Dana ("Mr. Dana") was injured and his wife ("Ms. Dana")—whose estate he represents in this suit—was killed. Ms. Dana was the named insured of a personal auto insurance policy issued by Plaintiff that covered the vehicle involved in the crash and provided UIM coverage in the amounts of $100,000.00 per-person and $300,000.00 per-accident. The other driver involved in the collision was represented by Integon Insurance and had liability coverage up to $50,000.00 per-person and $100,000.00 per-accident.

After the accident, Integon agreed to pay out the full $100,000.00 per-accident limit, divided equitably among the four parties involved in the accident, with Mr. Dana receiving $32,000.00 and Ms. Dana's estate receiving $43,750.00. In accordance with the per-person limits in Ms. Dana's insurance agreement, Plaintiff paid Mr. Dana $68,000.00 ($100,000.00 per-person UIM limit less the $32,000.00 paid by

Integon) and Ms. Dana's estate $56,250.00 ($100,000.00 less the $43,750.00 paid by Integon).

At trial, Defendants successfully argued that, because the liability policy limits of Integon were exhausted on a per-accident basis, they are entitled to a total of $200,000.00 of UIM coverage from Plaintiff (the $300,000.00 per-accident limit less $100,000.00 paid by Integon). Plaintiff contends Defendants have already received the maximum amount of UIM coverage available under the policy in question. Both parties moved for summary judgment, which was granted for the Defendants rendering Plaintiff liable for an additional $75,750.00 of UIM coverage ($200,000.00 unpaid coverage less $68,000.00 to Mr. Dana and $56,250.00 paid to Ms. Dana). Plaintiff filed timely notice of appeal.

## ANALYSIS

Our job on appeal is to determine whether the trial court was correct in determining, as a matter of law, that "[p]er the holding in [*N.C. Farm Bureau Mut. Ins. Co. v. Gurley, et. al.*, 139 N.C. App. 178, 532 S.E.2d 846 (2000)], the underlying policy in this matter was exhausted on a per-accident basis, requiring the applicability of the per-accident underinsured limits for the Defendants' claims." In reviewing a trial court's decision to grant or deny summary judgment, our standard is de novo. *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008). Summary judgment is appropriate "only when the record shows that there is no

genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." *Id.* (quoting *Forbis v. Neal*, 361 N.C. 519, 523-24, 649 S.E.2d 382, 385 (2007) (internal quotation marks omitted)). Because the parties stipulated to the relevant facts of this case, there are no genuine issues of material fact. After careful review, we conclude Defendant was entitled to a judgment as a matter of law and the trial court did not err in granting Defendant summary judgment.

In *Gurley*, we established a straightforward analysis to determine in what amount, if any, UIM coverage is available, given both the insurance policy in question and our UIM statute, N.C.G.S. § 20-279.21(b) (2017). *Gurley*, 139 N.C. App. at 180, 532 S.E.2d at 848. Initially we must determine whether UIM coverage is available. *Id.* If UIM coverage is available, we next ascertain "how much coverage the insureds are entitled to receive under the UIM policy." *Id.* To decide how much coverage the insured party or parties are entitled to, we must consider "(1) the number of claimants seeking coverage under the UIM policy; and (2) whether the negligent driver's liability policy was exhausted pursuant to a per-person or per-accident cap." *Id.* at 181, 532 S.E.2d at 848.

> [W]hen more than one claimant is seeking UIM coverage, as is the case here, how the liability policy was exhausted will determine the applicable UIM limit. In particular, when the negligent driver's liability policy was exhausted pursuant to the per-person cap, the UIM policy's per-person cap will be the applicable limit. However, when the liability policy was exhausted pursuant to the per-accident

cap, the applicable UIM limit will be the UIM policy's per-accident limit.

*Id.* at 181, 532 S.E.2d at 849.

Since the parties stipulated that UIM coverage is available to Mr. Dana and Ms. Dana's estate, we need only determine how much coverage the insured parties are entitled to receive. Applying the facts of this case to the *Gurley* framework is not difficult: there are multiple claimants (Mr. Dana and the Estate of Ms. Dana) seeking coverage under the UIM policy in question and the negligent driver's liability policy was exhausted pursuant to a per-accident cap. Accordingly, *Gurley* mandates the Defendants are collectively entitled to receive coverage pursuant to the per-accident cap of $300,000.00. We affirm the trial court's grant of summary judgment in favor of the Defendants.

## CONCLUSION

The parties to this appeal have stipulated that UIM coverage is available to Defendants. There are two claimants seeking coverage under the UIM policy, and the negligent driver's liability was exhausted pursuant to a per-accident cap. Accordingly, *Gurley* controls and we must hold the Defendants are entitled to be paid pursuant to the per-accident cap in the parties' insurance agreement.

AFFIRMED.

Judges DILLON and HAMPSON concur.